UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| KELLOGG COMPANY, ) | |
| ) | |
|     Plaintiff, ) | Case No. 1:11-cv-272 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| FPC FLEXIBLE PACKAGING CORP., ) | |
| ) | |
|     Defendant & Third-Party Plaintiff, ) | **MEMORANDUM OPINION** |
| ) | |
| v. ) | |
| ) | |
| THE INTERNATIONAL GROUP, INC., ) | |
| ) | |
|     Third-Party Defendant. ) | |
| _____) | |

      This is a breach of contract action. Subject-matter jurisdiction is based upon complete diversity of citizenship and requisite amount in controversy. Plaintiff, Kellogg Company, initiated this action by complaint filed on March 18, 2011, setting forth claims of breach of contract, breach of U.C.C. warranties, and contractual indemnification against defendant FPC Flexible Packaging Corp. (FPC). Plaintiff's claims arise from alleged defects in cereal packaging provided by defendant pursuant to contract. Plaintiff alleges that defendant's packaging emitted offensive odors, caused by the presence of heightened levels of hydrocarbons contained in defendant's cereal liners. Plaintiff alleges that the defective packaging necessitated a massive recall campaign costing in excess of $70 million. Defendant answered the complaint and filed a third-party action against The International Group, Inc. (TIG). TIG provided defendant with the wax utilized in the allegedly

defective cereal liners. The third-party complaint asserted a claim of indemnity or contribution on the theory that the elevated levels of hydrocarbons found in defendant's liners were caused by defects in the wax provided by TIG. The third-party complaint is in two counts. Count 1 asserts breach of express and implied warranties under the Ontario Sale of Goods Act; count 2 is for breach of contract.

After all parties had appeared and filed their respective pleadings, the court conducted a case management conference on July 29, 2011. Among other deadlines, the court established November 15, 2011, as the date by which motions to join parties or amend pleadings must be filed. The case management order established a schedule for expert witness disclosures and set the close of factual discovery to April 30, 2012. Expert discovery is set to close on August 30, 2012.

Presently pending before the court is plaintiff's motion for leave to file a first amended complaint, now asserting claims against both the defendant and the third-party defendant TIG. Kellogg's proposed pleading would assert for the first time direct claims against TIG for breach of express U.C.C. warranties (count VIII), breach of the U.C.C. warranty of merchantability (count IX), breach of the U.C.C. warranty of fitness for a particular purpose (count X), and a claim for implied indemnification (count XI). TIG strenuously objects to the proposed amendment, on three grounds: (1) the proposed amendment does not meet the standards for amending pleadings established by Fed. R. Civ. P. 15; (2) plaintiff has not shown good cause for amending its pleadings after the time established by the case management order, as required by Fed. R. Civ. P. 16(b); and (3) the proposed amended complaint fails to state a claim upon which relief can be granted against TIG and therefore would be futile. Chief Judge Paul Maloney has referred the motion to amend to me for decision pursuant to Fed. R. Civ. P. 72(a). Upon review of the parties' submissions, I

conclude that oral argument would not be helpful. *See* W.D. MICH. LCIVR 7.3(d). For the reasons set forth below, plaintiff's motion to amend will be granted, on conditions designed to prevent prejudice to the other parties.

## Discussion

The Federal Rules of Civil Procedure expressly contemplate that a plaintiff may assert against a third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the original defendant. FED. R. CIV. P. 14(a)(3). The policy underlying Rule 14 is to promote judicial efficiency by eliminating circuitry of actions. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL ¶ 1442 at 339 (2010). "When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication and the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof." *Id.* at 340. In furtherance of this policy, Rule 14 encourages that all claims arising from the same transaction and based upon the same or similar proofs be handled in a single proceeding. Utilization of the liberal joinder provisions of Rule 14 makes eminent sense in the present case, as the core liability issues in this case are whether the cereal liners were indeed defective and, if so, whether that defect was caused by wax provided by TIG.

The concept that plaintiff should be allowed to assert claims directly against TIG is therefore completely unobjectionable. The problem in the present case arises from plaintiff's delay in asserting its claims against TIG. Had plaintiff acted within the time set by the case management

order, no party could reasonably object to the amendment. Plaintiff's delay beyond that deadline, however, imposes upon it the obligation of showing good cause for amendment of the case management order. In addition, even in the presence of good cause, the delay would be grounds for denial of the motion to amend if the delay were unduly prejudicial to any other party, under the standards of Rule 15(a). Upon consideration of all of the features of this case, and mindful of the policy of Rule 14 in favor of adjudication of all closely related claims in a single action, the court determines that neither Rule 16 nor Rule 15 requires denial of the motion to amend.

**1.**

After the time for amendment under a scheduling order has elapsed, a plaintiff "first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16s 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Perf. Indus., Inc.* 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); *see Leary v. Daeschner*, 349 F.3d at 906 ("[G]ood cause is measured by the movant's diligence in attempting to meet the case management order's requirements.") Consequently, although a court's case management order is not written in stone, neither is it a meaningless piece of paper that the litigants can ignore at their whim. Rather, the party seeking relief from a case management order must make a showing of good cause, demonstrating why the requirements of the order cannot reasonably be met despite the diligence of the party seeking the extension. *See* FED. R. CIV. P. 16, Advisory Committee Note (1983).

In seeking leave to amend, plaintiff treats the good-cause standard of Rule 16(b) too lightly. Plaintiff asserts that it has met all other deadlines and that is the only deadline it seeks to modify. These considerations, standing alone, are not sufficient to meet the good cause standard. Kellogg is on firmer ground, however, in asserting that it was unaware of the specific contractual relationship between defendant and TIG until the parties had exchanged significant discovery. Kellogg and TIG, after all, are not in privity of contract, and Kellogg would have no reason to appreciate the extent of TIG's contribution to the alleged defect or the contractual defenses that TIG might have in a breach of contract action asserted directly by defendant. In a case of this complexity, it is understandable that some discovery might be necessary in order for the parties to appreciate fully the scope of claims and defenses. In these circumstances, the court cannot say that plaintiff is guilty of a lack of diligence, especially because plaintiff sought leave to amend shortly after reviewing discovery provided by TIG. In the circumstances of this complex commercial case, the court finds good cause to amend the case management order as requested by plaintiff.

**2.**

Once a plaintiff has shown good cause for amendment of a case management order, a court may then look to the Rule 15(a) standards for amendment of pleadings. FED. R. CIV. P. 15(a)(2) provides that the court should freely give leave to amend when justice so requires. The Supreme Court has long held that this rule means what it says and that leave to amend should be granted in the absence of a good reason to the contrary. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Sixth Circuit, a motion to amend should only be denied if the amendment is brought in bad faith, for dilatory purposes, results in prejudicial delay to the opposing party, or would be

futile. *See Colbin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). The decision whether to grant leave to amend is within the trial court's discretion. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008).

One of the reasons established by the Supreme Court for denial of leave to amend is undue delay. *Foman*, 371 U.S. at 182. In the Sixth Circuit, however, delay alone is not a sufficient reason for denying leave to amend. *See Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008). Rather, a delay must result in prejudice to the opposing party that cannot reasonably be avoided by measures short of denial of the motion. *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995); *see Bridgeport Music Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005). TIG strenuously asserts a claim of prejudice, but the existence of undue prejudice is difficult to discern in the circumstances of this case. TIG first argues that it pursued discovery, hired expert witnesses, and prepared for dispositive motions and trial all on the assumption that Kellogg had decided not to pursue TIG directly. (Brief, docket # 54, ID# 398). TIG does not explain, however, how any of this preparation would be materially different had Kellogg asserted direct claims, in that defendant FPC is also accusing TIG's wax of being the source of the offensive odors. In other words, no matter who is making the assertion, the claims of product defect appear to be substantially similar. More importantly, denial of a motion to amend would not spare TIG from the cost and expense of defending direct claims against Kellogg. If the court refused to allow Kellogg to assert its claims in this case, Kellogg's alternative would be to bring a separate action against TIG. Then TIG would be faced with defending not one lawsuit, but two. In these circumstances, the real prejudice to all

parties would arise from the court's refusal to allow claims and defenses arising from the same transaction to be litigated in a single case.

Although Kellogg is guilty of delay in bringing its direct claims against TIG, the delay is not unduly prejudicial. Furthermore, any prejudice can be mitigated by allowing the parties a reasonable extension of time to address the new issues raised by plaintiff's direct claims against TIG.

**3.**

TIG also asserts that the claims pleaded in the proposed amended complaint would be futile. Under Sixth Circuit authority, a motion for leave to amend may be denied on grounds of futility if the court concludes that the pleading as amended would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In support of this contention, TIG engages in a long and detailed critique of the legal basis underlying Kellogg's claims of breach of U.C.C. warranty and implied indemnity. Although the court may reject meritless claims in response to a motion to amend, the court is not obliged to do so. The present case provides an apt example of the pitfalls of deciding substantive issues in the context of procedural motions. The challenge to the sufficiency of Kellogg's complaint under Rule 12(b)(6) standards was raised in the response to a procedural motion, one which Kellogg did not have the right to reply without leave of court. *See* W.D. MICH. LCIVR 7.3(c). The time and page limitations under the Local Rules applicable to nondispositive motions are not conducive to an orderly presentation of case-dispositive issues. The more orderly procedure is to allow filing of the amended pleading, without prejudice to any party's ability to file an appropriate motion to dismiss

under Fed. R. Civ. P. 12(b), which the parties and the court can then address under the procedures appropriate to motions of a dispositive nature.

## Conclusion

Kellogg's motion for leave to file an amended complaint (docket # 51) will be granted. Defendant FPC and third-party defendant TIG will be granted 21 days in which to move, answer, or otherwise plead thereto. After responses have been filed, the court will conduct a telephone scheduling conference to consider necessary changes to the case schedule in light of new issues in the case.


Dated: March 7, 2012                        /s/ Joseph G. Scoville
                                            United States Magistrate Judge